Case 3:16-cv-00168-DRH   Document 9   Filed 12/06/16   Page 1 of 16   Page ID #136

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSE IVAN MEJIA-CHAVEZ,

Petitioner,

vs.

Civil Case No. 16-cv-168-DRH
Criminal Case No. 12-cr-30242-DRH-3

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction

This matter is before the Court on petitioner Jose Ivan Mejia-Chavez's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). In his § 2255 petition, Mejia-Chavez brings an array of arguments seeking relief for ineffective assistance of counsel. The government filed its response in opposition of Mejia-Chavez's § 2255 petition (Doc. 5). For the following reasons, petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is denied[1].

---

[1] Having examined the record, the Court concludes Mejia-Chavez's claims do not warrant an evidentiary hearing. See *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002) ("for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner [has] actual proof of the allegations going beyond mere unsupported assertions"); *Menzer v. United States*, 200 F.3d 1000, 1005 (7th Cir. 2000) (held that a hearing not required where the record conclusively demonstrates that defendant is not entitled to relief on § 2255 motion); *Cooper v. United States*, 378 F.3d 638, 641; see also Rules 4(b) and 8(a) of Rules Governing Section 2255 Proceedings).

## II. Background

On August 22, 2012, the grand jury returned an indictment against Mejia-Chavez for conspiracy to distribute and possess with the intent to distribute cocaine in violation of 21 U.S.C. § 841(b)(1)(A)(viii) (Count 1); illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a) (Count 3); and interstate travel in support of racketeering in violation of 18 U.S.C. § 1952(a)(3) (Count 10). *United States v. Mendez-Velasquez et al*, 12-cr-30242-DRH-3[2], (Doc. 30). Mejia-Chavez pleaded guilty to Counts 1, 3, and 10 of the indictment on November 18, 2014 (Cr. Doc. 394). That same day, the parties filed a plea agreement(Cr. Doc. 397) and stipulation of facts (Cr. Doc. 398). On March 20, 2015, Mejia-Chavez was sentenced to 120 months on each of Counts 1, 3, & 10, all terms to run concurrently (Cr. Doc. 418). Thereafter, on August 3, 2015, Mejia-Chavez filed a notice of appeal (Cr. Doc. 37). The Seventh Circuit later dismissed the appeal as untimely on November 6, 2015 (Cr. Doc. 453).

On February 16, 2016, Mejia-Chavez filed a timely motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, in which he raises four arguments: (1) ineffective assistance of counsel by failing to file a direct appeal (2) ineffective assistance of counsel for failing to make the government file a Rule 35 motion, (3) ineffective assistance of counsel by failing to secure a 25% reduction of his sentence based on petitioner's medical condition and (4) ineffective assistance of counsel for failing to adequately challenge the government's

---

[2] Further reference to Mejia-Chavez's criminal docket in this order will include "Cr. Doc." prior to the document number to differentiate from his civil habeas case filings.

recommendation for and Court's imposition of sentencing enhancements. The Court shall address each argument in turn.

### III. Law

A prisoner may move to vacate, set aside or correct his sentence if he claims "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Section 2255 is an extraordinary remedy because it asks the district court essentially "to reopen the criminal process to a person who has already had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir.2006)). Thus, relief under Section 2255 is "reserved for extraordinary situations," *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)), as a collateral attack pursuant to Section 2255 is not a substitute for a direct appeal. *Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007)*.*

Unless a movant demonstrates changed circumstances in fact or law, he may not raise issues already decided or waived on direct appeal. *Olmstead v. United States,* 55 F.3d 316, 319 (7th Cir. 1995). A petitioner cannot raise constitutional issues that he could have, but did not directly appeal, unless he shows good cause for, and actual prejudice from, his failure to raise them on appeal, or unless failure to consider the claim would result in a fundamental

miscarriage of justice. *Bousley v. United States,* 523 U.S. 614, 622 (1998); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000). Likewise, a Section 2255 motion cannot pursue non-constitutional issues that were not raised on direct appeal regardless of cause and prejudice. *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could be heard in the Section 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

Petitioner raises four claims, all of which he purports to be claims of ineffective assistance of counsel. To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Either Strickland prong may be analyzed first; if that prong is not met, it will prove fatal to plaintiff's claim. *Strickland*, 466 U.S. at 697; *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993).

To satisfy the first prong, "the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690. The petitioner's burden is heavy because the Strickland test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic

choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted). To satisfy the second prong, a petitioner must demonstrate to a "reasonable probability" that without the unprofessional errors, the result of the proceeding would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

As mentioned above, a district court's analysis begins with a "strong presumption that the defendant's attorney rendered adequate representation of his client." *United States v. Meyer*, 234 F.3d 319, 325 (7th Cir. 2000). Thus, a petitioner must overcome a heavy burden to prove that his attorney was constitutionally deficient. *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006). In order to establish that counsel's performance was deficient, the defendant must show errors so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Atkins v. Zenk*, 667 F.3d 939, 944 (7th Cir. 2012). The Court now turns to petitioner's claims.

### IV. <u>Argument</u>

In the instant matter, the Court cannot say that Attorney Robert Elovitz's performance significantly prejudiced Mejia-Chavez or that Mr. Elovitz's representation fell below an objective standard of reasonableness. Further, the Court cannot say that despite the errors alleged by Mejia-Chavez in his petition, the results of his criminal proceedings would have been different. More

specifically, Mejia-Chavez waived his right to file an appeal or a § 2255 petition at the time he entered a plea agreement with the government that resulted in a sentence 48 months below the guideline recommendation.

### a. *Petitioner waived his right to file a § 2255 petition*

The Court shall first address the fact that Mejia-Chavez waived his right to file this § 2255 petition at the time he entered a plea agreement with the government. Mejia-Chavez entered into a written plea agreement with the government for certain benefits on November 18, 2014 (Cr. Doc. 397). In exchange for the benefits he received, he waived his right to a direct appeal and to a collateral attack under Section 2255. Specifically, the plea agreement provides in relevant parts:

> "2. The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. *However, in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law,* except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), *the Defendant reserves the right to appeal the reasonableness of the sentence.* The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government.
>
> 3. The Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders the defendant actually

>     innocent of the charges covered herein; and 2) appeal based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission (see U.S.S.G. §1B1.10). The Government reserves the right to oppose such claims for relief."

(Cr. Doc. 397, pgs 9-10)(emphasis added). The Seventh Circuit has found these types of waivers to be valid.

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided that the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir), cert. denied, 520 U.S. 1281 (1997); U*nited States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). See also, *United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), cert. denied, 116 S.Ct 349 (1995). The Seventh Circuit has also found that a waiver of a Section 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Furthermore, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id*. at 1144, *United States v. Woolley*, 123 F.3d 627, 631-632 (7th Cir. 1997). *See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

For the waiver to be enforceable, Mejia-Chavez's sentence had to be within the maximum provided by the statute of conviction and the applicable guideline range based upon his relevant conduct. The statutory penalty for conspiracy to distribute and possess with the intent to distribute cocaine is not less than 10 years imprisonment, 21 U.S.C. § 846; the statutory penalty for illegal re-entry

after deportation is not more than 24 months, 8 U.S.C. §1326(a); and the statutory penalty for interstate travel in support of racketeering is not more than 5 years imprisonment, 18 U.S.C. §§ 1952(a)(3). In fact, the statutory terms of imprisonment were outlined in his plea agreement reviewed and signed by Mejia-Chavez, and further reviewed with this Court during the change of plea hearing (Cr. Doc. 462, pgs. 10-14), informed Mejia-Chavez of the statutory sentencing ranges and Mejia-Chavez acknowledged that he understood. Based upon the conduct to which Mejia-Chavez admitted, his applicable guideline range of imprisonment was 168 months to 210 months. The Court sentenced Mejia-Chavez to 120 months on each of Counts 1, 3, and 10, to be served concurrently. Clearly the Court did not depart upward, but in fact departed downward by sentencing Mejia-Chavez 48 months below the guidelines. Thus, Mejia-Chavez clearly received a benefit to pleading guilty. There is no basis in the record for avoiding this waiver, and the Court neither relied upon constitutionality impermissible factors in sentencing Mejia-Chavez, nor sentenced him above the statutory maximum, as shown above. Thus, the waiver provisions of Mejia-Chavez's plea agreement are enforceable and Mejia-Chavez has effectively waived his right to bring this § 2255 petition.

Furthermore, the exceptions listed in the plea agreement that address the waiver of appeal rights or collateral challenges do not apply to Mejia-Chavez's collateral challenges in his § 2255 petition. Mejia-Chavez fails to allege any subsequent change in the interpretation of the law by the United States Supreme

Court or the United States Court of Appeals for the Seventh Circuit that has been declared retroactive, and that renders the defendant actually innocent and this petition is not grounded on any appeal based upon Sentencing Guideline amendments made retroactive. Accordingly this petition shall be denied.

Even assuming arguendo that Mejia-Chavez did not waive his right to bring this 2255 petition, the Court finds that Mejia-Chavez's petition fails on the bases discussed below.

### b. *Claim 1: Petitioner's attorney was ineffective for failing to file a direct appeal.*

Mejia-Chavez first raises a claim that he received ineffective assistance of counsel because his attorney "failed to file a direct appeal, as [Mejia-Chavez] directed him to." (Doc. 1, pg 4). While ordinary trial mistakes are reviewed under the *Strickland* standard of reasonableness and prejudice described above, an attorney's failure to file an appeal is treated according to a somewhat more compressed analysis. The essential issue discussed in *Castellanos v. United States,* 26 F.3d 717, 720 (7th Cir.1994) is whether the petitioner's counsel was actually instructed to appeal. See *Castellanos*, 26 F.3d at 719 ("'Request' is an important ingredient in this formula. A lawyer need not appeal unless the client wants to pursue that avenue.").

In *Castellanos*, the Seventh Circuit announced a rule that an attorney's failure to file an appeal (if requested to do so by the client) is inherently prejudicial. In such a circumstance the probability of success on appeal is irrelevant and need not be determined for the purposes of evaluating an ineffective assistance claim.

*Id*. Generally, *Castellanos* stands for the proposition that failure to follow a client's request to file an appeal results in constitutionally ineffective assistance of counsel per se, as it effectively amounts to attorney abandonment. *Castellanos*, 26 F.3d at 718. See also *Bradley v. United States*, 219 Fed. Appx. 587, 589 (7th Cir.2007); *Roe v. Flores–Ortega*, 528 U.S. 470, 484, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (if, "but for counsel's deficient performance, [her client] would have appealed," Strickland prejudice is shown).

In *Kafo v. United States*, 467 F.3d 1063 (7th Cir.2006), the district court had dismissed a petitioner's ineffective assistance claim as well as his request for an evidentiary hearing, finding that the allegations of whether he had told his counsel to appeal were vague and unsubstantiated. *Id*. at 1066–67 (noting that the district court expected the petitioner to "com[e] forth with evidence that he had expressed his desire to appeal."). Reviewing the district court's denial of the hearing on an abuse of discretion standard, the Seventh Circuit stated that conclusory allegations without more are insufficient to make an ineffective assistance of counsel claim. *Id*. at 1067 (the Seventh Circuit remanded the case to the district court to provide the petitioner an opportunity to submit an affidavit to support his claims given the sufficiency of the factual allegations in his unverified motion).

In this case, Mejia-Chavez's petition is internally inconsistent with his assertion that he to directed his lawyer to appeal. Specifically, Mejia-Chavez argues that he directed his attorney to file an appeal (Doc.1, pg. 4). However, Mejia-Chavez later explains under the 'supporting facts' section that it was only when he got to prison

that he realized he received a 120 month sentence, which is a statement that lacks credibility on its face. It was at that point that Mejia-Chavez "tried to make arrangements to file an appeal," but he "was sent to segregation and [he] had no access to legal assistance." (*Id.*). Further supporting denial of this claim is the affidavit submitted by the petitioner's attorney, Robert Elovitz. In the affidavit Elovitz states that he did "discuss the potential merits of defendant's appealable arguments" with Mejia-Chavez, but he never asked Elovitz to file an appeal on his behalf (Doc. 5-5). Thus, neither *Castellanos* nor *Kafo* supports relief under the facts of this case. Accordingly, petitioner's first claim for relief is denied.

    c. *Claim 2: Petitioner's attorney was ineffective for failing to secure a 25% sentencing reduction due to petitioner's health concerns and diagnosis and for failing require the government to file a Rule 35 motion.*

Mejia-Chavez next claims that his attorney was ineffective based on his attorney's failure to secure a 25% reduction based on Mejia-Chavez's HIV status.

Upon review of the plea agreement and record in this case, it is clear that no such agreement existed relative to Mejia-Chavez's HIV status. Mr. Elovitz verified that no agreement existed by stating that he "never promised defendant a 25% reduction due to his HIV positive condition." (Doc. 5-5). Additionally, no such promise existed in Mejia-Chavez's written agreement with the government, as the Court clearly recalls, and Mejia-Chavez verified at his change of plea hearing that there were no other unwritten agreements in this case. Accordingly, petitioner's second claim for relief is denied.

    d. *Claim 3: The government failed to file a Rule 35 motion.*

Mejia-Chavez next claims that he is entitled to Rule 35 reduction after providing information to the government regarding illegal activities near the Texas-Mexico border (Doc. 1, pg. 6). After sentencing, the government can move to reduce a defendant's sentence if the defendant has provided "substantial assistance in investigating or prosecuting another person." Fed.R.Crim.P. 35(b).

As to the argument regarding a Rule 35 motion, Mejia-Chavez did, in fact, receive the fruits of his bargain with the government when the Court reduced his sentence pursuant to a 5K1.1 motion filed by the government prior to sentencing (Doc. 414), rather than a delayed Rule 35 motion after the fact. The Court granted the government's motion for reduction in sentence by roughly 25% and sentenced Mejia-Chavez to 120 months, based on substantial assistance (Doc. 5-2, pgs. 23-24).

Additionally, at the time of Mejia-Chavez's plea, there was a thorough discussion on the record concerning the cooperation agreement and how exactly it worked:

> **THE COURT:** You've also agreed to cooperate with the government and with law enforcement in this case?
> **THE DEFENDANT:** Yes.
> **THE COURT:** And what that means is that if they require you to give information or they require you to testify, either before a grand jury or in a trial, that you will voluntarily do that?
> **THE DEFENDANT**: Yes.
> **THE COURT**: And that when you either talk to them or provide testimony, that you will be truthful in the information that you provide?
> **THE DEFENDANT**: Yes.
> **THE COURT:** And that at the discretion of the U.S. Attorney's Office, if you provide that information and if that information is determined

by them to be of substantial assistance, they could file a motion to reduce your sentence; and if they file such a motion, it then is up to the Court to determine whether and how much of a reduction to provide?
**THE DEFENDANT**: Yes.
**THE COURT:** But with respect to that motion it is up to the government to determine whether or not to file that motion. Your lawyer has no control over whether they file that motion.
**THE DEFENDANT:** Yes.
**THE COURT:** Even the Court has no control over whether they file that motion.
**THE DEFENDANT**: Yes.

(Doc. 5-1, pgs. 12-13). The discussion included information about what Mejia-Chavez could expect and he confirmed that he understood the agreement entered with the government.

Mejia-Chavez also confirmed that a Rule 35 reduction was not in his written plea agreement, and that no other unwritten agreements existed in his case. Therefore, given that at the time of sentencing the Court did grant the government's motion for reduction in sentence based on substantial assistance (Doc. 5-2, pgs. 23-24), Mejia-Chavez's sentence was reduced to 120 months. Accordingly, petitioner's third claim for relief is meritless.

  e. *Claim 4: Petitioner's attorney was ineffective for failing to challenge the sentencing enhancements applied to the petitioner's sentence.*

Mejia-Chavez's final claim alleges that information he provided about his criminal activities was later used against him at the time of sentencing, which insinuates that the enhancements were applied without objection from his attorney.

Here, Mr. Elovitz did file objections to two of the 2-Level enhancements for obstruction of justice and possession of firearms during a drug offense (Doc. 408). The government filed a response to said objections (Doc. 416), and the Court ultimately ruled against the defendant on one enhancement, and in favor of the defendant on the other. The enhancements to which Mr. Elovitz did not respond, were clearly supported by the case law.

A defendant's attorney has no duty to make a frivolous argument to the Court; and there is a tactical reason not to make weak arguments or frivolous ones, See *United States v. Rezin,* 322 F.3d 443, 446 (7th Cir. 2003). As an officer of the court, Mr. Elovitz had a duty to act in good faith under the applicable rules and file objections only for non-frivolous reasons; not simply because his client believed certain arguments would be helpful. *Id*. Frivolous objections can be relied on by the Court to take away a defendant's acceptance of responsibility credits. Furthermore, frivolous objections can be the subject of a reason for the government to refrain from moving to reduce a sentence pursuant to a cooperation agreement.

Mejia-Chavez offers nothing but bare assertions, relative to the applicable enhancements, that his attorney's performance "fell below an objective standard of reasonableness." Furthermore, there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. at 690. Therefore, it is clear that

Mejia-Chavez's claim is meritless. Accordingly, Mejia-Chavez's final claim for relief is denied.

In sum, Mejia-Chavez has not presented a claim that warrants the relief he seeks. His Section 2255 motion is denied.

## V. <u>Certificate of Appealability</u>

Under Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability has been granted. *See Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009). For a court to issue a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right," meaning, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)); 28 U.S.C. § 2253(c)(2).

As to Mejia-Chavez's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of ineffective assistance of counsel and the claims do not present evidence of constitutionally deficient attorney performance; nor do the claims demonstrate any resulting prejudice.

Further, the Court finds that reasonable jurists could not differ on these conclusions. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c) and, thus, **DENIES** a certificate of appealability.

### VI. Conclusion

For the reasons set forth above, Mejia-Chavez's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence, is **DENIED** (Doc. 1) Thus, his claims are **DISMISSED with prejudice**. The Clerk is instructed to close the file and enter judgment accordingly. Finally, the Court shall not issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 5th day of December, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.12.05
17:07:38 -06'00'

**United States District Judge**